## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JONES, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-7854(JBS-AMD) |
| CAMDEN COUNTY CORRECTION FACILITY, | **OPINION** |
| Defendant. | |

APPEARANCES:

James Jones, Plaintiff Pro Se
237613/601257B
P.O. Box 861
Trenton, NJ 08625

**SIMANDLE, Chief District Judge:**

## I.    INTRODUCTION

Plaintiff James Jones seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the Complaint

that the claim arose more than two years before the Complaint

was filed. It is therefore barred by the two-year statute of

limitations that governs claims of unconstitutional conduct

under 42 U.S.C. § 1983. The Court will therefore dismiss the

Complaint with prejudice for failure to state a claim. 28 U.S.C.

§ 1915(e)(2)(b)(ii).

## II.  BACKGROUND

The Complaint alleges that Plaintiff was "forced to lock in

a cell with three other prisoners in a cell designed for two

prisoners[,] and that he "had to endure sleeping on the floor

[and] eating on the floor due to inadequate space." Complaint §

III(C). These events allegedly occurred on the following dates:

"8-29-89 to 9-29-89, 4-9-90 to 4-30-90 [and] 6-29-90 to 10-19-

91." *Id*. § III(B). Plaintiff claims to have sustained

"expos[ure] to violence, secondhand smoke, and unsafe and

dangerous conditions" from these events. *Id*. § IV. Plaintiff

seeks $35,000 in punitive damages "from each defendant." *Id*. §

V.

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints

prior to service of the summons and complaint in cases in which

a plaintiff is proceeding *in forma pauperis*. The Court must *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails

to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.
This action is subject to *sua sponte* screening for dismissal
under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding
*in forma pauperis*.

To survive sua sponte screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)).

**IV. DISCUSSION**

The Complaint alleges that Plaintiff experienced
unconstitutional conditions of confinement while incarcerated
during: "8-29-89 to 9-29-89, 4-9-90 to 4-30-90 [and] 6-29-90 to
10-19-91." Complaint § III. Civil rights claims under § 1983 are
governed by New Jersey's limitations period for personal injury
and must be brought within two years of the claim's accrual. *See*

*Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement, namely the purported overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims expired in October 1993 at the latest, well before this Complaint was filed in 2016. Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

4

As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued, the Complaint is dismissed with prejudice, meaning Plaintiff may not file an amended complaint concerning the events of 1989 through 1991. Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**May 8, 2017**                              **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge